■ In the Matter of CAROLYN INGRAM, Appellant, v MICHAEL DOWLING et al., Respondents. [628 NYS2d 345] —In a proceeding pursuant to CPLR article 78, in the nature of mandamus to compel, *inter alia,* the respondents to issue a cash grant in the sum of $1,317.83 to the petitioner in accordance with a prior administrative determination dated January 7, 1992, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), dated November 24, 1993, which dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

According to the administrative determination of the respondent New York State Department of Social Services dated January 7, 1992, the petitioner's public assistance grant had been improperly discontinued in June 1991, and the petitioner had incurred rent arrears through December 31, 1991, totaling $3,575. According to this administrative determination, the failure of the respondent New York City Department of Social Services (hereinafter the City) to provide a grant of assistance to pay rent arrears was "not correct". The City was "directed to determine the amount of rent owed for each month the [petitioner] has arrears [and] * * * to calculate her proper public assistance grant including an adequate shelter allowance for that month, and to restore any underpaid assistance".

In this CPLR article 78 proceeding, the petitioner alleges, in essence, that the City has not fully complied with the administrative determination dated January 7, 1992. In its answer, the City alleged that the petitioner had "relocated" within two weeks after the January 7, 1992 determination, and that the purpose of the shelter allowance awarded in that determination was to "prevent eviction" and not "to satisfy a debt on a prior rental". The New York State Department of Social Services likewise argued that "there is no authority in the

Department's regulations to reimburse a recipient for rental arrearage due on a residence in which the recipient no longer resides". The Supreme Court essentially adopted the respondents' arguments and dismissed the petition. We reverse.

We agree with the petitioner that she is due the amount claimed (i.e., $1,317.83). This amount constitutes an "underpayment of aid" which the City is statutorily required to correct (see, 42 USC § 602 [a] [22]; 18 NYCRR 352.31 [f]; *Tambe v Bowen*, 662 F Supp 939, *affd* 839 F2d 108). In our opinion, this obligation is not avoided merely because it is shown that the underpayment of aid relates to arrears of rent incurred by a recipient in connection with an apartment in which the recipient no longer resides. Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.